# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| NICHOLAS MARTIN, on behalf of himself and others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 15 C 757 |
| DIRECT WINES, INC. and AMERICAN CUSTOMER CARE, INC., | ) ) ) | Judge Jorge L. Alonso |
| Defendants. | ) ) | |

## MEMORANDUM OPINION AND ORDER

Nicholas Martin filed this putative class action against Direct Wines, Inc. and American Customer Care, Inc. alleging a single-count violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b). Before the Court is defendants' motion to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), which is granted for the reasons explained below.

## DISCUSSION

"A motion under Rule 12(b)(6) tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (ellipsis omitted). Under federal notice-pleading standards, a plaintiff's "[f]actual allegations must be enough to raise a right to

relief above the speculative level." *Id.* Stated differently, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "In reviewing the sufficiency of a complaint under the plausibility standard, [courts must] accept the well-pleaded facts in the complaint as true, but [they] 'need not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665–66 (7th Cir. 2013) (quoting *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009)).

The TCPA makes it unlawful to "make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice" to a person's cellular telephone. 47 U.S.C. § 227(b)(1)(A)(iii). Defendants contend that plaintiff has failed to allege sufficient facts to allow the plausible inference that they used an automatic telephone dialing system ("ATDS"). Plaintiff alleges that defendants used an ATDS to call his cellular phone on December 2, 2014 and January 6, 2015 for the purpose of trying to sell him wine. (R. 13, Am. Compl. ¶¶ 10-15, 30). It is further alleged that defendants made the calls "using Five9 or similar dialer technology" and that "[d]iscovery will show precisely what dialer technology was used, and how." (*Id.* ¶ 16). Plaintiff also alleges that the "dialing technology used to make the calls to plaintiff and the class constitutes an automatic telephone dialing system pursuant to the TCPA, because it had the capacity to dial phone numbers without human intervention." (*Id.* ¶ 17.)

In support of their motion, defendants cite decisions from this district dismissing TCPA claims where the plaintiff simply alleged, without providing facts suggesting beyond a speculative level, that the defendant used an ATDS. (Defs.' Mem. Supp. Mot. Dismiss 5-6 (citing, *inter alia*, *Johansen v. Vivant, Inc.*, No. 12 C 7159, 2012 WL 6590551, at *3 (N.D. Ill. Dec. 8, 2012) (Aspen, J.) (a "formulaic recitation" of the elements of a TCPA claim, such as "[u]se of an ATDS," is insufficient to state a claim without additional, independent facts contributing to plaintiff's belief that the call was made via an ATDS); *Banks v. Green Tree Servicing, LLC*, No. 14 C 2825, 2015 WL 1058124, at *5 (N.D. Ill. Mar. 5, 2015) (Coleman, J.) (dismissing TCPA claim because plaintiff failed to allege facts indicating why she believed defendant used an ATDS); *Hanley v. Green Tree Servicing, LLC*, 934 F. Supp. 2d 977, 983-84 (N.D. Ill. 2013) (Castillo, J.) (the mere recitation of "facts mimicking the elements of a" TCPA claim is insufficient to state a claim); *Oliver v. DirecTV, LLC*, No. 14 C 7794, 2015 WL 1727251, at *3 (N.D. Ill. Apr. 3, 2015) (Zagel, J.) (plaintiffs' allegations suggested that defendant *possibly* used an ATDS but did not raise a plausible inference that it actually did so).)

The Court agrees with defendants that the reasoning of this line of cases applies here. It is insufficient for plaintiff to simply parrot the language of the TCPA and conclusorily allege that defendants used an ATDS. In plaintiff's response brief, he argues that dismissal is not warranted because his allegations that defendants used a Five9 (apparently a name brand) dialer and the "dialing technology [defendants] used . . . constitutes an [ATDS]," (Am. Compl. ¶ 17), raise the ATDS issue above a speculative level. The Court is unpersuaded. Plaintiff's argument ignores his actual allegation, which is not that defendants used a Five9 dialer, but that they used "Five9 *or similar* dialer technology." (*Id.* ¶ 16.) Plaintiff has simply tossed a brand name into the complaint, with an equivocation about whether that brand of dialer was actually used and a

3

concession that "[d]iscovery will show precisely what dialer technology was used," (*id.*), and without alleging that "Five9 technology" is the equivalent of an ATDS. These allegations fail to allow a plausible inference that defendants used an ATDS.

To raise a right to relief above the speculative level on a TCPA claim, a plaintiff can include facts such as a description of a "robotic sound of the voice on the other line," *Johansen*, 2012 WL 6590551, at *3, a lack of human response when he attempted to have a conversation with the caller, having heard a distinctive "click and pause" after having answered the call, or anything else about the circumstances of the call that led him to believe that it was made with an ATDS.[1] Plaintiff alleges no such facts and, in fact, as defendants point out, the only pertinent fact he includes about the two calls—that he spoke to a live human, (Am. Compl. ¶¶ 11-12, 15)—undercuts his conclusory assertion that defendants used an ATDS.

Accordingly, the Court dismisses the amended complaint. Defendants have requested a dismissal with prejudice, but the Court denies that aspect of the motion. The dismissal is without prejudice, and the Court will allow plaintiff one final opportunity to amend.

## CONCLUSION

For the reasons set forth above, defendants' motion to dismiss the amended complaint [19] is granted, and the amended complaint is dismissed without prejudice. In the event that plaintiff believes that he can cure the deficiencies identified above in a second amended complaint, consistent with legal authority and Rule 11 concerns, he is given until July 30, 2015 to file a second amended complaint. If none is filed by that date, the Court will dismiss this action with prejudice.

---

[1] The decisions cited by plaintiff, (Pl.'s Opp'n 8), are distinguishable because plaintiffs therein alleged such facts.

**SO ORDERED.**  ENTERED:  July 9, 2015

_____
**JORGE L. ALONSO**
**United States District Judge**